IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CHARLIE BLOUNT and** ) | |
| **LUTHER BALL,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action Number |
| **v.** ) | **7:00-cv-00135-UWC** |
| ) | |
| **TUSCALOOSA COUNTY,** ) | |
| **ALABAMA**, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON ATTORNEY'S FEES**

As noted in the December 5, 2005, Scheduling Order, a panel of the Eleventh Circuit Court of Appeals has erroneously found that this Court has made an award of attorneys' fees to the Plaintiffs, to be paid by the Defendant.[1] Nonetheless, this Court is bound to follow the Circuit's mandate of October 19, 2005, which requires the Court to: 1) provide an explicit explanation of the basis of the [attorney's fees] award; 2) address the issue of whether Plaintiff Blount is a prevailing party; 3) give the Plaintiffs an opportunity to brief and further explain the basis of their fee request for $40,432, and to submit additional documentation and affidavits in support of their fee

---

[1] *See* (Doc. 130, n.1.)

request of $40,432; and 4) give the defendant a reasonable opportunity to respond. *Blount v. Tuscaloosa County*, No. 04-14974, slip. op. at 4-5 (11th Cir. Oct. 24, 2005).

The parties have previously settled the attorney's fee claim of James Mendelsohn, who represented the Plaintiffs on appeal.

## I. "Prevailing Party" Status of Charlie Blount

The initial issue to be addressed by the Court is whether Plaintiff Charlie Blount is a prevailing party.[2]

The Court has found, and the Eleventh Circuit has affirmed, that during Charlie Blount's employment with Tuscaloosa County, he was subjected to racially disparate job assignments. The Court has accordingly entered a permanent injunction, prohibiting the Defendant from making such racially discriminatory assignments to Charlie Blount in the future. The Court did not award compensatory damages to Charlie Blount only because his attorney, Marvin Stewart, failed to comply with the Pretrial Order's requirement that damages be listed by a date certain in advance of trial.

But the rub is that the Eleventh Circuit has upheld Tuscaloosa County's decision to discharge Charlie Blount, and there is no evidence that he will ever again

---

[2] No one disputes that co-Plaintiff Luther Ball is a prevailing party.

work for the County.[3] Because Charlie Blount no longer works for the County, the permanent injunction does not affect their relationship, and he has not directly benefitted from the injunction, the Court is compelled to the conclusion that he is not a prevailing party. *Salvatore v. Westinghouse Electric Corp.*, 190 F.3d 1244 (11th Cir. 1999).

Since Charlie Blount is not a prevailing party, his attorney, Marvin Stewart, is not entitled to attorney's fees on his behalf.

## II.  Attorney's Fee Claim of Luther Ball

Prior to his suspension and/or disbarment from the practice of law in Alabama, Attorney Marvin Stewart filed an Application for Attorney's Fees. (Doc. 96.) In his March 17, 2003, Application, Marvin Stewart seeks a total of $89,418.75 in attorney's fees, and $12,477.11 as reimbursement for expenses. After the Eleventh Circuit affirmed the Court's finding of racially disparate job assignments but reversed its finding on retaliation, the Court denied Marvin Stewart's Application on February 26, 2004, "without prejudice to [his] right to submit a new motion for attorney's fees excluding the time expended on Plaintiff Blount's unsuccessful claim of retaliation." (Doc. 106.)

---

[3] *See Barnes v. Broward County Sheriff's Office,* 190 F.3d 1274, 1278 n.3 (11th Cir. 1999).

Marvin Stewart has steadfastly failed and refused to file a new petition probably because he realizes that his clients (whose compensatory damages were disallowed only because of his dereliction of duty) would be the likely and deserved beneficiary of the attorney's fees to which he would otherwise have been entitled.[4] (Doc. 132.) Nonetheless, by reviewing the supporting documents accompanying the Application for Attorney's Fees, the Court can readily discern certain hours that were expended on the claim of Plaintiff Luther Ball.

The Court will proceed to analyze Marvin Stewart's claim in light of *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

### A. Reasonable Hourly Rate

Mr. Stewart seeks an hourly rate of $285.

Marvin L .Stewart, Jr. is a *cum laude* graduate of Cumberland Law School. He served as a law clerk to a judge of this Court. For nearly twenty years, he represented plaintiffs in employment cases in this district. He has appeared before this judge in several employment cases.

Thirteen years ago, the reasonable hourly range for civil rights lawyers with fifteen or more years of experience in this district was from $150 to $300. *Knight v.*

---

[4] The Court has previously ordered that from any attorneys' fees awarded to Marvin Stewart, the first $20,000 will be paid to each of the Plaintiffs. (Doc. 114.)

*State of Alabama,* 824 F.Supp. 1022, 1031 (N.D. Ala.1993). Despite the passage of time, the prevailing market rate is roughly the same today.

Based on Mr. Stewart's skill, experience, and reputation prior to his suspension/disbarment, the Court concludes that a reasonable hourly rate for him is $190.

The Court finds that a reasonable hourly rate for Attorney Heather Newsom is $160, based on her skill, experience, and reputation. She, too, has represented numerous plaintiffs in employment cases in this district over the last decade.

There is no evidence of the skill and experience of Attorneys Taft Stewart, David Stern, Jim Barnes, and Kimberly Dodson presently before the Court. To the best of his remembrance, neither has tried a case before this judge. The Court finds that a reasonable hourly rate for each of them is $100.

In making these findings, the Court has relied on its own experience with Marvin Stewart and Heather Newsom. *See Davis v. Bd. of School Comm'rs of Mobile County*, 526 F.2d 865, 868 (5th Cir.1976).

### B. Hours Reasonably Expended

Based on Exhibit B to Marvin Stewart's Application (Doc. 96), the Court finds that the following hours were reasonably expended in Marvin Stewart's

prosecution of Plaintiff Luther Ball's case.[5]

| Date | Services Performed | Hour(s) | Provider |
|---|---|---|---|
| 04/11/01 | deposition of Luther Ball | 6.00 | H. Newsome |
| 06/18/01 | meeting with client | 2.00 | H. Newsome |
| 06/22/01 | preparation of response to sumjud brief | 3.00 | H. Newsome |
| 03/29/02 | review of court order on sumjud | 0.25 | M. Stewart |
| 01/26/03 | meeting with client and witnesses | 3.00 | M. Stewart |
| 01/26/03 | settlement correspondence | 0.50 | M. Stewart |
| 01/27/03 | trial; preparations | 9.00 | M. Stewart |
| 01/27/03 | trial | 8.00 | D. Stern |
| 01/28/03 | preparations and trial | 11.00 | M. Stewart |
| 01/28/03 | trial | 8.00 | D. Stern |
| 01/29/03 | preparations and trial | 6.00 | M. Stewart |
| 02/03/03 | settlement discussions | 0.50 | M. Stewart |
| 02/06/03 | conference with client | 0.25 | M. Stewart |
| 03/03/03 | review of court's finding and injunction | 0.50 | M. Stewart |
| 03/10/03 | review of notice of appeal | 0.25 | M. Stewart |

The Court will reduce by one half (50%) the 47.25 hours reasonably consumed by Messrs. Stewart and Stern in trial and trial preparations, as the case was tried jointly with the claims of Charlie Blount.

---

[5] Marvin Stewart and his firm reasonably expended substantially more hours on Luther Ball's claims than those reflected in this opinion. But since he failed to separate his hours spent on the Luther Ball claims and the Charlie Blount claims, the Court must disallow all time not reflected herein.

Consequently, the lodestar fees are as follows: Marvin Stewart, $2,968.75 (15.625 hours (31.25 hours divided by two) multiplied by $190/hour); Heather Newsom, $1760 (11 hours multiplied by $160/hour); and David Stern, $800 (8 hours (16 hours divided by two) multiplied by $100/hour).

### C. Adjustment of the Lodestar

The results obtained by Marvin Stewart and his firm were noteworthy. He obtained a declaration that Tuscaloosa County had subjected Luther Ball to racially disparate job assignments, and an injunction against similar misconduct in the future. There is no reason to either reduce or enhance the lodestar.

The fee arrangement in this case was contingent. This factor does not mitigate in favor of an enhancement.

For the delay in the time between the rendition of the legal service and payment, the Court will enhance the fee by fifteen percent (15%). This rate takes into account the time value of money and the effects of inflation.

The Court finds that Marvin Stewart and his firm are entitled to $6,358.06 as a reasonable attorney's fee for the prosecution of Luther Ball's claims, in light of the evidence submitted.

### D. Expenses Incurred

Again, Marvin Stewart has failed to separate the expenses incurred in the

prosecution of the claims of Luther Ball from those incurred on Charlie Blount's claims. However, the record evidence clearly establishes that: 1) a $150 filing fee was paid and 2) deposition costs of $1,125.50 were paid. The Court finds that the filing fee and $750 of the deposition costs,[6] which totaled equal $900, are reimbursable as reasonable expenses incurred in the prosecution of Luther Ball's case.

The prevailing hourly rate for paralegals in the Birmingham market is $60. The following paralegal services have been rendered.

| Date | Services Performed | Hour(s) |
|---|---|---|
| 03/23/01 | corres. re adding Luther Ball as plaintiff | .25 |
| 04/09/01 | attempt to reach Luther Ball | .25 |
| 04/10/01 | attempt to reach Luther Ball | .25 |
|  | conversation with client | .25 |
| 04/13/01 | correspondence with client | .25 |
| 05/08/01 | correspondence with client | .25 |
| 06/13/01 | correspondence with client re affidavit | .25 |
| 01/21/03 | correspondence, message re appointment | .25 |
| 01/27/03 | preparation of witness subpoena | .25 |
| 01/27/03 | miscellaneous paralegal duties | 1.5 |
|  | Total Paralegal Hours | 3.75 |

---

[6] The Court reasons that even if Charlie Blount had not filed a case, he would have been called as a witness in Luther Ball's case. The third deponent, Lee Welch, testified solely on Charlie Blount's retaliation claim. Therefore, the cost of his deposition is not reimbursable.

_____The Court finds that Marvin Stewart is entitled to $1125($900 in expenses plus $225(3.75 hours multiplied by $60/hour) in paralegal fees) as reimbursement for expenses reasonably incurred in the prosecution of Luther Ball's claims.

By separate order, Plaintiff Luther Ball shall have and recover of the Defendant the total sum of $7,483.06 ($6,358.06 in attorney's fees plus $1125 for reimbursement in expenses) as a reasonable attorney's fee which otherwise would have been payable to his former attorney, Marvin Stewart.

Done the 31st day of May, 2006.

_____
U.W. Clemon
Chief United States District Judge